McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
ALEXANDRE M. DEMPSEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>            v.<br><br>ANTHONY RODRIGUEZ<br>aka Anthony Rito Lara,<br><br>                     Defendant. | CASE NO. 1:20-CR-00236-NONE-SKO<br><br>APPLICATION FOR ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM |

The United States of America, by and through its undersigned counsel, hereby respectfully requests an Order to Appoint David M. Meyers of Dependency Legal Services for the minor child victim and witness, as their Guardian ad Litem, in the above-captioned case. This application is made under Title 18, United States Code, Section 3509.

Section 3509(h)(1) explicitly provides that this Court "may appoint, and provide reasonable compensation and payment of expenses for, a guardian ad litem for a child who was a victim of, or a witness to, a crime involving abuse or exploitation to protect the best interests of the child." In making its selection of a guardian ad litem, this Court "shall consider a prospective guardian's background in, and familiarity with, the judicial process, social service programs, and child abuse issues." 18 U.S.C. § 3509(h)(1). The guardian ad litem "shall not be a person who is or may be a witness in a proceeding involving the child for whom the guardian is appointed." *Id.*

In a case such as this, the "guardian ad litem may attend all the depositions, hearings, and trial proceedings in which a child participates and make recommendations to the court concerning the welfare of the child." 18 U.S.C. § 3509(h)(2). In order "to effectively advocate for the child[,]" the "guardian ad litem may have access to all reports, evaluations and records, except attorney's work product," and limited access to grand jury materials as appropriate. *Id.* The "guardian ad litem shall marshal and coordinate the delivery of resources and special services to the child." *Id.* Section 3006A(e), in turn, provides for court payments of services other than counsel for those who are unable to obtain or pay for those necessary services. 18 U.S.C. § 3006A(e).

The United States requests that the Court take judicial notice of the Indictment filed in this case, which charges Anthony Rodriguez with two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and one count of receipt of material involving the sexual exploitation of children, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Dkt. No. 1. This case involves a crime of abuse or exploitation of a minor, *see* 18 U.S.C. § 3509(h)(1), specifically the defendant's ten-year old child (hereinafter referred to as MV1) while in the same home as the defendant's eleven-year old child (hereinafter referred to as MW1).

The United States also requests that the Court take judicial notice of the statements contained in its Supplemental Authority in Support of Motion for Order Prohibiting Contact With Witnesses. Dkt. No. 15. In particular, according to the victim advocate for the District Attorney's Office in Stanislaus County, the defendant's wife and the mother of MV1 and MW1 has minimized the defendant's conduct, has not been protective, has advocated to lift the state protective order so that the defendant and his children could communicate, and has stated that MV1 is "fine" and mostly traumatized by the FBI's arrival at their home and not by the defendant's abuse. Dkt. Nos. 15 at 2, 15-1 (Email Exhibit). It is foreseeable that MV1 and MW1 will have interests in the federal proceedings, including but not limited to privacy, restitution, and other victim witness rights for which a guardian ad litem could determine their best interests and advocate for the protection thereof to this Court. Accordingly, it is in their best interest to have a guardian ad litem appointed to represent them during any related court hearings and to "marshal and coordinate the delivery of resources and special services[.]" 18 U.S.C. § 3509(h)(2).

Pursuant to 18 U.S.C. § 3509(h)(1), the United States requests that this Court enter an order

appointing David M. Meyers, Esq. as guardian ad litem to MV1 and MW1.  Mr. Meyers has been the Chief Operating Officer (COO) of Dependency Legal Services (DLS) here in the Central Valley since June 2012.  He is a lawyer in good standing in the State of California with decades of experience in child welfare and dependency actions.  His resume is attached as Exhibit 1.

Dependency Legal Services is a non-profit law firm providing representation to parents and children involved in California's legal system.  *See* www.dependencyls.com.  As the COO, Mr. Meyers administers DLS' contracts to represent parents and children throughout the Central Valley and is a national consultant, trainer, and attorney advocate in child welfare cases.  He also previously served as Assistant Attorney General in Tucson, Arizona, representing their Child Protective Services Division.  Mr. Meyers will work with the team at DLS to advocate for MV1 and MW1 in this case, including at least one other attorney in the office who has previously served as a guardian ad litem in a different federal court.  Thus, Mr. Meyers is in an excellent position to evaluate the needs and best interests of the minor victim and witness in this case, including coordinating appropriate local services and resources, as well as matters relating to welfare and dependency.

Mr. Meyers has indicted to the United States that he is available and willing to serve as guardian ad litem in this matter.  Defense counsel of record has indicated that she takes no position on this application.

For these reasons, the United States respectfully requests that this Court appoint Mr. Meyers to protect the best interests of the minor victim and minor witness in this case.

Dated:  January 26, 2021

McGREGOR W. SCOTT
United States Attorney

By: /s/ LAURA D. WITHERS
LAURA D. WITHERS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTHONY RODRIGUEZ<br>aka Anthony Rito Lara,<br><br>　　　　　　　　　　Defendant. | CASE NO.  1:20-CR-00236-NONE-SKO<br><br>ORDER ON APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM |

**<u>ORDER</u>**

　　　The Court has reviewed and considered the United States' application for appointment of a guardian ad litem for the minor victim (MV1), referenced in the Indictment in this case, and for the minor witness (MW1), referenced and described in the application for this Order.  Good cause having been shown for the requested appointment, and the proposed guardian having agreed to accept the appointment, the Court hereby orders that David M. Meyers, Esq. be appointed to serve as guardian ad litem for the minor victim and the minor witness while this federal criminal case is pending.

　　　To that end, it is further ordered that Mr. Meyers:

- May attend all hearings and trial proceedings in which the victim and/or witness participate and make recommendations to the Court concerning the welfare of the children;

- May have access to all reports, evaluations, and records, except attorney work product, necessary to effectively advocate for the victim and/or witness;
- Shall marshal and coordinate the delivery of resources and special services to the victim and/or witness; and
- Shall not be compelled to testify in any court action or proceeding concerning any information or opinion received from the victim and/or witness in the course of serving as their guardian ad litem.

18 U.S.C. § 3509(h)(2).

Finally, the Court agrees to provide reasonable compensation and payment of expenses for Mr. Meyers as contemplated by 18 U.S.C. §§ 3509(h) and 3006A(e).

IT IS SO ORDERED.

Dated:  **January 27, 2021**            /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE